IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOSHUA D. BAKER                                                                                      PLAINTIFF

v.                                              No. 5:05CV00271 JLH

ERIC CHISOM, Drew County Deputy Sheriff,
in His Individual and Official Capacities; and
MARCIA BRUNER, Drew County Deputy Sheriff,
in Her Individual and Official Capacities                                                DEFENDANTS

**OPINION**

Joshua Baker brought this action on September 22, 2005, under 42 U.S.C. § 1983 against Eric Chisom and Marcia Bruner for their conduct while Baker was being held at the Drew County Detention Facility during the night of August 14-15, 2002. This action is Baker's second attempt to hold Chisom and Bruner liable for their conduct that night. In the first suit, Baker named Chisom and Bruner as defendants, as well as Sheriff Meeks in his individual and official capacity, and the members of the Drew County Quorum Court in their individual and official capacities. In the first suit, the Court granted summary judgment in favor of Sheriff Meeks in his individual and official capacities and the members of the quorum court in their individual and official capacities but granted Baker's motion for voluntary nonsuit against the defendants Chisom and Bruner.

In this suit, Chisom and Bruner in their individual capacities have now moved to dismiss Baker's claims against them. They argue that those claims are time barred. Chisom and Bruner in their official capacities have also moved for summary judgment. They argue that the claims against them are barred by res judicata and, in the alternative, that there is no evidence to support the official-capacity claims. For the following reasons, the defendants' motion to dismiss and motion for summary judgment are granted.

**I.**

**A.     Rule 12(b)(6) Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should only be granted if it appears beyond a doubt that the plaintiff can prove no set of facts to warrant a grant of relief. *Gilmore v. County of Douglas, Neb.*, 406 F.3d 935, 937 (8th Cir. 2005). In considering a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). All facts alleged are taken as true and all reasonable inferences drawn in the favor of the plaintiff. *Creason v. City of Washington*, 435 F.3d 820, 823 (8th Cir. 2006). The Court, however, is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

**B.     Summary Judgment Standard**

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005). A genuine issue of material fact exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

**II.**

The events giving rise to this action occurred on August 14-15, 2002. Baker filed his first suit on June 24, 2003. In his complaint, Baker named in the caption as defendants "Eric Chisom; Marcia Bruner; Laron Meeks, Individually and in his Capacity as Sheriff of Drew County; and Drew

County Quorum Court Members . . . in their official capacities and in their Individual Capacities." Baker stated in the body of the complaint that "Defendants Drew County and the Drew County Sheriff, Laron Meeks, were the employers of Eric Chisom and Marcia Bruner, named herein as individual Defendants." Baker alleged that, on the night of August 14-15, 2002, Chisom placed Baker in a choke hold on more than one occasion and shocked Baker with a taser while Baker was at the Drew County Detention Facility for processing on traffic violations. He alleged that Bruner saw the assault but failed to take action to stop it. He also alleged that "[a]t the time of the incident . . . Drew County . . . refused to or did not adequately supervise the operation of the jail and the deputy sheriffs."

The defendants moved for summary judgment on August 25, 2004. Among other things, the defendants argued that Chisom and Bruner were only sued in their official capacities since the complaint did not unambiguously state that they were sued in their individual capacities. The defendants argued that all the claims against them in their official capacities should be dismissed because the acts Baker complained of did not implement or execute an unconstitutional county policy or custom. Baker filed a response to the motion for summary judgment on September 17, 2004. On September 23, 2004, Baker filed a motion for voluntary nonsuit. The defendants opposed Baker's motion for voluntary nonsuit. In its October 12, 2004, Opinion and Order, the Court stated that "Meeks and the members of the quorum court had established a *prima facie* entitlement to summary judgment on claims against them individually and in their official capacities." The Court therefore granted summary judgment on all of Baker's claims against Sheriff Meeks and the members of the quorum court in their individual and official capacities. Regarding summary judgment on behalf of defendants Bruner and Chisom, however, the Court stated:

> The situation is different as to Chisom and Bruner. The undisputed facts establish

3

> that Chisom committed battery against Baker, and that Bruner observed the battery but did nothing to stop it. Had Baker not filed a motion for voluntary non-suit, the Court would have given Baker the opportunity to amend the complaint to make it clear and unambiguous that he was suing Chisom and Bruner in their individual capacities, and the Court would have continued the trial date, if necessary, to avoid any prejudice to Chisom and Bruner. The Court would not have entered a judgment in favor of Chisom and Bruner that would have barred Baker's claims against them.

The Court therefore granted Baker's motion for voluntary nonsuit regarding the claims Baker brought against Chisom and Bruner and dismissed those claims without prejudice.

On September 22, 2005, Baker filed this lawsuit. Baker named as defendants Chisom and Bruner in their individual and official capacities. The basis for Baker's claims in this action is the same August 14-15, 2002, incident alleged in his previous complaint. On October 6, 2005, Bruner and Chisom, in their official capacities only, moved to dismiss the complaint. They argued that Baker's current lawsuit was barred by the three-year statute of limitations on § 1983 actions. In its October 31, 2005, Opinion and Order, the Court denied the defendants' motion to dismiss. The Court held that the original suit was brought against Chisom and Bruner in their official capacities, so the one-year savings statute in Arkansas tolled the statute of limitations. The Court also stated that, because Bruner and Chisom had appeared in this case in their official capacities only, they did not have standing to move to dismiss on behalf of the individual-capacity defendants.

Bruner and Chisom in their individual capacities have now moved to dismiss, while in their official capacities they have moved for summary judgment.

### III.

**A.   Liability of Chisom and Bruner in Their Individual Capacities**

Chisom and Bruner in their individual capacities argue that Baker's current action is barred by the applicable statute of limitations. The statute of limitations in this case is three years. *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992). This complaint was not filed until more

than three years after the events detailed in the complaint occurred. Baker attempts to avoid the application of the statute of limitations by arguing that the Arkansas saving statute applies to his claims against Chisom and Bruner in their individual capacities. The saving statute allows a plaintiff who nonsuits an action filed within the period of limitations to file a new action within one year of the nonsuit without violating the statute of limitations. ARK. CODE ANN. § 16-56-126. The new action, however, must be "the same in substance as the original complaint at the time the latter was nonsuited." *Dillaha v. Yamaha Motor Corp., U.S.A.*, 23 F.3d 1376, 1377 (8th Cir. 1994).

In an earlier opinion in this case, the Court held that Baker's first action was against Chisom and Bruner in their official capacities alone. *See Baker v. Chisom*, No. 5:05CV00271 (E.D. Ark. Oct. 31, 2005) (Document #31) (order denying official-capacity defendants' motion to dismiss). Baker points to the passage in his original complaint that states "Eric Chisom and Marcia Bruner [are] named herein as individual Defendants" in an attempt to have the Court reconsider its earlier ruling. That passage, however, does not clearly and unambiguously state that Baker's first action was brought against the defendants in their individual capacities.[1] According to the Eighth Circuit's rule requiring an unambiguous statement to sue municipal officials in their individual capacities, the first action had to be treated as a suit against Bruner and Chisom in their official capacities only. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Bruner and Chisom in their individual capacities were therefore not parties to the first suit. *Kentucky v. Graham*, 473 U.S. 159,

---

[1] In his brief, Baker asks the Court to take judicial notice of two cases in this district which, Baker argues, support his position. In both of the cases of which Baker asks this Court to take judicial notice, however, the complaints state that the defendants are being "sued in their official and individual capacities." The Eighth Circuit has repeatedly reiterated that such language—unlike the passage in Baker's first complaint—is unambiguous and "guarantees that the defendant receives prompt notice of his or her potential personal liability." *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).

167-68, 105 S. Ct. 3099, 3106, 87 L. Ed. 2d 114 (1985). In the first suit, Bruner and Chisom answered only in their official capacities. Because Bruner and Chisom in their individual capacities were not parties to the first suit, the savings statute could not affect the running of the three-year limitations period as to Baker's claims against them. *Accord González-Álvarez v. Rivero-Cubano*, 426 F.3d 422, 428 (1st Cir. 2005) ("[D]efendants sued only in their official capacities in the original complaint cannot be expected to be on notice of the very different issues raised by claims against them in their personal capacities."); *Eaglesmith v. Ward*, 73 F.3d 857, 860 (9th Cir. 1995); *Ladien v. Bd. of Trustees, Univ. of Ill.*, No. 93-6573, 1994 WL 395078, at *4 (N.D. Ill. July 27, 1994).

In an attempt to avoid this logic, Baker argues that the Eighth Circuit, in *Doe v. Cassel*, 403 F.3d 986 (2005), implicitly overruled its requirement that plaintiffs must unambiguously state that they are suing municipal officials in their individual capacity. Baker urges the Court on that basis to reverse its October 2005 ruling and find that the first action was against Bruner and Chisom in their individual capacities. The Court declines. *Cassel* held that in a suit against an official in his individual capacity a court cannot fix heightened requirements for pleading a claim for relief. 403 F.3d at 988; FED. R. CIV. P. 8(a). The Eighth Circuit rule requiring an unambiguous statement that an official is being sued in his individual capacity does not address the requirements for pleading a claim for relief. The rule aims to ensure that persons who have been sued know with certainty whether they have been sued in their individual capacities and, where state officers are involved, to ensure that federal courts adhere to the jurisdictional limit imposed by the Eleventh Amendment. *See Johnson*, 172 F.3d at 535; *see also Nix*, 879 at 431 (noting that FED. R. CIV. P. 9(a) requires pleading capacity with specificity in order to show jurisdiction). Furthermore, the Eighth Circuit has reiterated the rule requiring an unambiguous statement that an official is being sued in his individual capacity in a case decided after *Cassel*. *Larson v. Kempker*, 414 F.3d 936, 939 (8th Cir. 2005). That

the Eighth Circuit has explicitly reasserted the rule requiring unambiguous statement of individual capacity after *Cassel* eviscerates Baker's argument that *Cassel* did away with that rule.

As a final, last-ditch argument, Baker argues that substantial justice requires the statute of limitations to be equitably tolled in this case. A plaintiff must be reasonably diligent to take advantage of the doctrine of equitable tolling. *Stracener v. Williams*, 84 Ark. App. 208, 213, 137 S.W.3d 428, 431 (2003). Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands. *Hallgren v. U.S. Dep't of Energy*, 331 F.3d 588, 590 (8th Cir. 2003). Baker's first action was voluntarily nonsuited on October 12, 2004. At any point during the ten months before August 15, 2005, Baker could have refiled his action against the defendants in their individual capacities and avoided the application of the statute of limitations. Baker's claims against the defendants in their individual capacities are therefore dismissed as time barred.

**B.     Liability of Bruner and Chisom in Their Official Capacities**

Bruner and Chisom in their official capacities assert that Baker's suit is barred by res judicata. Res judicata, or claim preclusion in this case, bars claims when (1) a prior judgment was rendered by a court of competent jurisdiction; (2) that prior judgment was final and on the merits; and (3) it involved the same cause of action and the same parties or privies. *Wedow v. City of Kansas City, Mo.*, 442 F.3d 661, 669 (8th Cir. 2006). Baker filed his original action against Sheriff Meeks and the members of the quorum court in their official capacities. That Baker sued those defendants in their official capacities means that he essentially brought a suit against the county itself. *See Liebe v. Norton*, 157 F.3d 574, 578 (8th Cir. 1998). Baker alleged in his original complaint that the county failed to supervise adequately the operation of the jail and the deputy sheriffs, and that such failures resulted in Chisom injuring Baker by placing Baker in a choke hold

several times and zapping Baker with a taser. In response to Baker's original complaint, Drew County brought a motion for summary judgment in which it argued that Baker had failed to show that the acts he complained of implemented or executed an unconstitutional county policy or custom, a prerequisite to municipal liability. In its October 12, 2004, Opinion and Order, the Court granted summary judgment on behalf of Sheriff Meeks and the members of the quorum court in their official capacities. However, the Court dismissed without prejudice the claims against Chisom and Bruner, which were official-capacity claims. In hindsight, it may have been inconsistent for the Court to dismiss without prejudice the official-capacity claims against Chisom and Bruner while granting summary judgment on the official-capacity claims against other defendants, but that is what the Court did. Because the claims against Chisom and Bruner, which were official-capacity claims, were dismissed without prejudice, Baker was free to refile those claims.

However, even though res judicata does not apply, Baker's claims against the county still fail. There is no evidence that the county had a policy or custom that unconstitutionally deprived Baker of his constitutional rights. *Kuha v. City of Minnetonka*, 365 F.3d 590, 603-04 (8th Cir. 2004). There is no evidence that Chisom and Bruner acted pursuant to official county policy or that misconduct of the sort they committed was "so pervasive as to constitute a custom or usage with the force of law." *Id.* (quoting *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). There is no evidence that the county failed to provide training or failed in some other manner under circumstances that manifest deliberate indifference to Baker's constitutional rights. *Larson v. Miller*, 55 F.3d 1343, 1350 (8th Cir. 1995); *P.H. v. School Dist. of Kansas City, Mo.*, 265 F.3d 653, 658-59 (8th Cir. 2001). Summary judgment is granted in favor of Bruner and Chisom in their official capacities on all of Baker's claims.

## CONCLUSION

The Court has reluctantly concluded that Baker's claims against Chisom and Bruner in their individual capacities are barred by the statute of limitations. It seems likely that Baker's lawyer believed that he had twelve months from the entry of the order dismissing the prior case within which to file this suit. Such confusion could occur easily in a circumstance such as this one, where Baker's first lawyer had sued Chisom and Bruner without clearly and unambiguously stating whether they were sued in their individual capacities, and then the Court had dismissed the case without prejudice. It is entirely possible that this Court's well intended but poorly written order of dismissal in the prior case contributed to the confusion. Unfortunately for Baker, the Court has found no law that would save the individual-capacity claims from the statute of limitations.

While there is evidence that Baker was physically abused, there is no evidence that the culprits acted pursuant to official policy or under circumstances showing that Drew County had a custom for its officers to be allowed to abuse prisoners.

The individual-capacity defendants' motion to dismiss is GRANTED. Document #28. The official-capacity defendants' motion for summary judgment is GRANTED. Document #19. Baker's complaint is dismissed with prejudice. All pending motions are denied as moot.

IT IS SO ORDERED this 12th day of July, 2006.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE